# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-30329

SHELIA ALLGOOD, ET AL.

Plaintiffs-Appellants

v.

SMITHKLINE BEECHAM CORP., doing business as
GlaxoSmithKline

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
2:06-CV-3506

Before GARWOOD, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

In this action brought under the Louisiana Products Liability Act ("LPLA"), LA. REV. STAT. ANN. § 9:2800.51 *et seq.*, plaintiffs appeal the district court's grant of summary judgment in favor of defendant, the maker of the prescription drug Paxil. Plaintiffs contend that the district court erred in applying the learned intermediary doctrine to their LPLA suit. We disagree. The district court properly followed our circuit precedent, which has expressly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

held that "Louisiana applies the 'learned intermediary doctrine' to products liability claims involving prescription drugs." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 265 (5th Cir. 2002). After reviewing the briefs and the record and hearing oral argument from the parties, we conclude that the district court correctly applied the learned intermediary doctrine in this case. Consequently, we AFFIRM the grant of summary judgment for the reasons stated by the district court. *See* 5TH CIR. R. 47.6.